UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC BARONNE MOORE,<br><br>Defendant. | Case No.: CR 12-00495-SBA-22 (KAW)<br><br>REPORT AND RECOMMENDATION REGARDING GUILTY PLEA |

Magistrate Judge Kandis A. Westmore recommends that the district judge accept Defendant Eric Baronne Moore's guilty plea entered in open court on January 11, 2013. Specifically, Defendant pleaded guilty pursuant to a written plea agreement to Count One of the indictment, charging Defendant with conspiracy to possess with intent to distribute and to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(C). The magistrate judge makes the following findings:

1. On the hearing date set forth above, with the assistance of counsel, the defendant waived his right to enter his guilty plea before a district judge and instead consented to enter his plea in a hearing in magistrate court. Specifically, the magistrate judge advised him that he had a right to plead guilty in district court, and that he could waive that right and consent to enter his plea in a plea hearing in magistrate court. The magistrate judge also advised him that she would issue a written report recommending that the district judge accept the guilty plea, that the district judge would review that recommendation and determine whether to accept the guilty plea, and that the district judge and not the magistrate judge would sentence him. The magistrate judge also advised him of the procedures (also set forth at the end of this recommendation) for challenging the magistrate judge's recommendation. The defendant then waived his right to proceed in district

court in open court and in writing and consented to the magistrate judge's conducting the plea hearing.

2. The magistrate judge conducted a full plea hearing in the manner set forth in Federal Rule of Criminal Procedure 11. In particular, the magistrate judge reviewed, and the defendant acknowledged that he understood, the following: (a) the nature of each charge and the maximum penalties, as set forth in Fed. R. Crim. P. 11(b)(1) (G)-(L); (b) the effect of the advisory Sentencing Guidelines and 18 U.S.C. § 3553(a), *see* Fed. R. Crim. P. 11(b)(1)(M); and (c) the rights he was waiving by pleading guilty, *see* Fed. R. Crim. P. 11(b)(1) (A)-(F). The court reviewed the specific provisions of the plea agreement regarding waiving the right to appeal or collaterally attack the sentence. *See* Fed. R. Crim. P. 11(b)(1)(N). The magistrate judge also determined that there was a factual basis for the guilty plea. *See* Fed. R. Crim. P. 11(b)(3).

3. The plea agreement itself was disclosed in open court, *see* Fed. R. Crim. P. 11(c)(2), and the magistrate judge advised the defendant as follows:

> The plea agreement was made pursuant to Rule 11(c)(1)(C). The district judge may accept the agreement, reject the agreement, or defer a decision until the district judge has reviewed the presentence report. To the extent that the district judge accepts the agreement, the agreed disposition will be reflected in the judgment. To the extent that the district judge rejects the agreement, she will inform the parties, advise the defendant that she is not required to follow the plea agreement, and give the defendant an opportunity to withdraw the plea. If the district judge rejects the plea agreement and the defendant does not withdraw his plea, then the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

*See also* Fed. R. Crim. P. 11 (c)(3)-(5).

4. The magistrate judge also addressed the defendant personally in open court, and determined that the plea was voluntary and did not result from force, threats, or promises (other than the promises in the plea agreement). *See* Fed. R. Crim. P. 11(b)(2).

5. After the advisements set forth in Rule 11, and summarized here, the defendant pleaded guilty. The magistrate judge found that he was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the guilty plea, and that the guilty plea was knowing and voluntary and supported by an independent

factual basis.  This court thus recommends that the district judge accept the defendant's guilty plea.

   6.  Normally, any party may serve and file specific written objections within fourteen days after being served with a copy of this order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. Failure to file objections within the specified time may waive a party's right to review.  *See* Fed. R. Crim. P. 59(b).  Given that the sentencing in this matter is currently set for May 15, 2013 at 10:00 a.m., the parties may object to this report and recommendation before the hearing, or request a continuance of the sentencing hearing from the district judge.

   IT IS SO RECOMMENDED.

Dated: May 7, 2013

                  _____
                  KANDIS A. WESTMORE
                  UNITED STATES MAGISTRATE JUDGE