UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC BARONNE MOORE,<br><br>Defendant. | Case No: CR 12-00495-22 SBA<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR A REDUCTION OF SENTENCE** |

On September 12, 2013, the United States of America (the "Government") obtained an indictment charging Defendant Eric Baronne Moore ("Defendant") with Conspiracy to Possess with Intent to Distribute and Distribution of Heroin and Cocaine, in violation of 21 U.S.C. § 846; Possession with Intent to Distribute Heroin and Cocaine, in violation of 21 U.S.C. §§ 841(a)(1); and Distribution of a Heroin and Cocaine Near a School, in violation of 21 U.S.C. § 860. In accordance with the terms of a plea agreement, Defendant pled guilty to Count One, and the Government agreed to dismiss the remaining counts. Based upon the agreed upon offense level of 26 and criminal history category of II, the applicable guidelines range was 70 to 87 months. On May 15, 2013, this Court sentenced Defendant to a term of 78 months in the custody of the Bureau of Prisons.

The parties are presently before the Court on Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), wherein Defendant requests that his custodial sentence be reduced to 60 months.  Dkt. 1019.  On December 18, 2015, the Probation Office filed a Sentence Reduction Investigation Report ("Report"), stating that Defendant is eligible for a sentence reduction, and recommending a reduced custodial sentence of 64 months.  Dkt. 1055.  The Government concurs in the Probation Office's recommendation, and stipulates to a reduced custodial sentence of no less than 64 months.  Opp'n, Dkt. 1023.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART Defendant's sentence reduction motion, for the reasons stated below.

I.   **LEGAL STANDARD**

A court generally may not modify a term of imprisonment imposed upon judgment of conviction.  Dillon v. United States, 560 U.S. 817, 824.  "Section 3582(c)(2) establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroaction pursuant to § 994(u)."  Id. at 824.  "In such cases, Congress has authorized courts to 'reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  Id. at 824-25 (quoting § 3582(c)(2)).  Section 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."  Id. at 826.

II.  **DISCUSSION**

Defendant moves for sentence reduction based on Amendment 782 to the United States Sentencing Guidelines.  Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782, which modified Section 2D1.1 of the Sentencing Guidelines by lowering the offense level and corresponding sentencing range for most

drug-related offenses. The Sentencing Commission then adopted Amendment 788, which retroactively applies Amendment 782 to persons sentenced prior to its effective date.

As acknowledged by the Government and the Probation Office, Defendant is eligible for a sentence reduction pursuant to Amendment 782. See U.S.S.G. § 1B1.10. As stated above, at the time of the original sentencing, Defendant's offense level was 26 and his criminal history category was II, resulting in a guidelines range of 70 to 87 months. Defendant explicitly agreed that the mid-range custodial sentence of 78 months constituted "a reasonable and appropriate disposition" of the case, see Plea Agreement ¶ 8, Dkt. 459, and the Court imposed the same, Judgment at 2, Dkt. 682. Now, taking into account the amended offense level of 24, the applicable guidelines range would be 57 to 71 months. See Report at 2. Because Defendant is subject to a mandatory minimum of 60 months, however, his amended guidelines range is 60 to 71 months. See U.S.S.G. § 5G1.1.

Under the circumstances presented, the Court finds that a custodial sentence of 64 months is appropriate. As noted by the Government, the mid-point of Defendant's amended guidelines range (60 to 71 months) is 65.5 months. Opp'n at 6. Notwithstanding the mandatory minimum sentence, the mid-point of the guidelines range corresponding to Defendant's criminal history category and offense level (57 to 71 months), is 64 months. A custodial sentence of 64 months is therefore consistent with the mid-range sentence originally imposed. Furthermore, Defendant proffers no compelling reason to reduce his sentence further from 64 to 60 months. For example, Defendant urges the Court to consider his "*perfect* disciplinary record" and other action, e.g., enrolling in drug treatment, that demonstrate his commitment to remain sober and better himself. Mot. at 8. Although the Court commends Defendant's efforts, the Court notes that good behavior while in custody ought to be the norm. Moreover, under 18 U.S.C. § 3624(b), the Bureau of Prisons will provide good time credit for good behavior.

Thus, in view of the foregoing, the Court GRANTS IN PART Defendant's motion for sentence reduction, and reduces his sentence accordingly.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for a reduction of sentence is GRANTED IN PART.

2. Defendant's custodial term is hereby reduced from 78 months to 64 months.

3. This Order terminates Docket 1019.

IT IS SO ORDERED.

Dated: 1/28/16

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge